UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Case No.:_____

MR. ALAIN J. DAHER
an individual, 116A Marston Street
Lawrence, MA 01844

    PLAINTIFF,

v.

Jeh Johnson, in his official capacity
as Secretary of the U.S. Dept. of Homeland Security,
U.S. Department of Homeland Security
Office of the Chief Counsel
3801 Nebraska Avenue, NW
Washington, DC 20016,

Leon Rodriguez, in his official capacity
as Director of U.S. Citizenship and Immigration Services
U.S. Department of Homeland Security
Office of the Chief Counsel
20 Massachusetts Ave. N.W., Room 4210
Washington, DC 20529, and,

    DEFENDANTS.

_____/

**COMPLAINT FOR MANDAMUS RELIEF AND RELIEF UNDER THE ADMINISTRATIVE PROCEDURES ACT (APA)**

Plaintiff, Alain J. Daher ("Daher") hereby sues Defendants and states:

PARTIES

1.    Plaintiff, Daher, born July 2, 1983, is a citizen of Lebanon and currently a resident of Lawrence, Massachusetts. Daher properly filed an I-485, Application to Register Permanent

1

Residence or Adjust Status ("I-485 application") on January 23, 2014 with United States Citizenship and Immigration Services ("USCIS"). USCIS acknowledged receipt of the Application on January 23, 2014. A copy of USCIS' receipt for Daher's I-485 application is attached as Exhibit A.

2.     Jeh Johnson is Secretary of the U.S. Department of Homeland Security. The U.S. Department of Homeland Security is charged with administering USCIS and implementing and enforcing the Immigration and Nationality Act. The U.S. Department of Homeland Security has ultimate decision-making authority over applications and petitions submitted to USCIS.

3.     Leon Rodriguez is the Director of USCIS. USCIS is responsible for the processing of immigration related applications and petitions and has decision-making authority over immigration related applications and petitions.

## JURISDICTION

4.     This action arises under the Immigration and Nationality Act, 8 U.S.C. §1255 (Adjustment of Status of non-immigrant to permanent residence). The Court has jurisdiction pursuant to 28 U.S.C. §1331 (Federal Question), 28 U.S.C. §1361 (Mandamus), 5 U.S.C. §§702-706 (Administrative Procedures Act), and the Due Process Clause of the Fifth Amendment, U.S. CONST. amend. V. Relief is requested pursuant to these statutes and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201 *et seq*.

5.     This action challenges the Defendants' policies, practices, interpretations of law, and their failure to act, not the Defendants' discretion to grant or deny individual petitions or applications. Therefore, the jurisdictional limitations of 5 U.S.C. §701(a)(2) and 8 U.S.C. §1252 do not apply.

## VENUE

6. Venue is proper in the United States District Court for the District of Columbia pursuant to 28 U.S.C. §1391(e) because the Defendants reside in the District of Columbia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff his exhausted his administrative remedies, given that USCIS has not completed processing of Daher's I-485 application filed on January 23, 2014.

## FACTUAL ALLEGATIONS

8. Plaintiff, Daher, is a citizen of Lebanon and lives in Lawrence, Massachusetts.

9. On June 15, 2013 USCIS approved Daher's wife's I-130 Petition for Alien Relative ("I-130") based on his May 8, 2012 marriage. A copy of the USCIS approval notice is attached as Exhibit B.

10. On January 23, 2014 Daher filed his I-485 application with USCIS based upon the approved I-130. USCIS acknowledged receipt of the I-485 applications on the same day. A copy of USCIS' receipt for Daher's I-485 application is attached as Exhibit A.

11. On June 12, 2014 Immigration Judge Leonard I. Shapiro ("Immigration Judge") terminated Daher's removal proceedings to allow Daher to adjust his status in front of USCIS. A copy of the Immigration Judge's Order is attached as Exhibit C.

12. During the pendency of Daher's I-485 application, USCIS has approved two employment authorization documents for Daher.

13.     USCIS denied Daher's application for travel permission on December 3, 2014 erroneously stating that Daher was still in removal proceedings. A copy of USCIS denial of travel permission is attached as Exhibit D.

14.     On December 22, 2014, undersigned counsel filed I-290B, Notice of Appeal or Motion ("Motion to Reopen") with USCIS providing a copy of the Immigration Judge's Order terminating Daher's removal proceedings on June 12, 2014. USCIS acknowledge receipt of Daher's Motion to Reopen on December 26, 2014. A copy of Daher's Motion to Reopen with USCIS receipt is attached as Exhibit E.

15.     On June 3, 2015, USCIS denied Daher's Motion to Reopen again erroneously stating that Daher was still in removal proceedings while acknowledging the Immigration Judge's order terminating Daher's removal proceedings. The denial further stated that Daher had a "future" hearing date of April 29, 2015 – 35 days prior to the date of the USCIS denial. USCIS stated in the denial that USCIS had no jurisdiction over Daher's I-485 application because Daher is still in removal proceedings. A copy of USCIS' denial of travel permission is attached as Exhibit F.

16.     On June 15, 2015 at approximately 3:18pm, Attorney Danielle Huntley ("Attorney Huntley"), an Associate of undersigned counsel, called the Executive Office for Immigration Review ("EOIR") in Boston, Massachusetts and spoke with Vanessa in the Clerk's Office. Vanessa and her supervisor confirmed that EOIR's records directly reflect that Daher is no longer in removal proceedings as of the Immigration Judge's order on June 12, 2014.

17.     On July 6, 2015, Attorney Huntley filed a Request for Service Motion due to Clear Service Error with USCIS' Texas Service Center. This Request for Service Motion submitted an additional copy of the Immigration Judge's Order and reiterated to USCIS that

Daher has not been in removal proceedings since June 12, 2014. A copy of the Request for Service Motion due to Clear Service Error is attached as Exhibit G. To date, neither Daher nor counsel has received any response or notification from USCIS on this Request for Service Motion due to Clear Service Error.

18. The relief requested will serve the public interest by ensuring that immigration benefit applications are adjudicated in a timely manner, and by requiring the Defendants to comply with applicable deadlines and regulations regarding the adjudication of said applications.

19. No harm will come to Defendants or any third party as a result of the relief requested.

## COUNT I

(Violation of the Mandamus Act)

20. Plaintiff realleges and incorporates by reference paragraphs 1 through 19 as if set forth fully here.

21. Secretary Johnson, through the USCIS Director, has a duty to Plaintiff to adjudicate his I-485 application.

22. Despite this duty, Secretary Johnson and the USCIS Director, through their agents and in violation of the Mandamus Act, 28 U.S.C. §1361, have withheld and/or unreasonably delayed completion of the processing of Daher's I-485 application.

23. Secretary Johnson and the USCIS Director should be compelled to complete processing of Daher's I-485 application and, thereby, to perform the duty owed to Plaintiff.

## COUNT II

(Violation of Administrative Procedures Act)

24. Plaintiff realleges and incorporates by reference paragraphs 1 through 19 as if set forth fully here.

25. Title 5 U.S.C. §555 of the APA requires that USCIS adjudicate applications "[w]ith due regard for [Plaintiff'] convenience and necessity…and within a reasonable time... ." A district court reviewing agency action may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1) The Court may also hold unlawful agency action that is found to be, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," "contrary to constitutional right, power, privilege, or immunity," or "without observance of procedure required by law," 5 U.S.C. §706(2)(A)-(D). "Agency action" includes a "failure to act." 5 U.S.C. §551(13).

26. Secretary Johnson and the USCIS Director, without observance of procedure as required by law, have failed to complete processing Daher's I-485 application despite having it for a sufficient period of time, as a matter of law and fact, to complete said processing.

## COUNT III

(Violation of Section 1571(B) of the INA)

27. Plaintiff realleges and incorporates by reference paragraphs 1 through 19 as if set forth fully here.

28. Section 1571(b) of the INA provides that "[i]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days

6

after the initial filing of the application." An "immigrant benefit application" is defined as "any application or petition to confer, certify, change, adjust, or extend any status granted under the [INA]." As such, the 180 day adjudication period requirement applies to the I-485 applications filed by Daher.

29. Daher's I-485 application has been pending for almost two years, far longer than 180 days. Defendants' failure to render an adjudication of Daher's I-485 application is a violation of Section 1571(b). It has been more than 18 months since removal proceedings against Daher were terminated and his I-485 was transferred to USCIS for final adjudication.

## COUNT IV

(Violation of Due Process Clause)

30. Plaintiff realleges and incorporates by reference paragraphs 1 through 19 as if set forth fully here.

31. The Due Process Clause of the Fifth Amendment prohibits the government from depriving any person of life, liberty or property without due process. U.S. CONST. amend. V.

32. Upon information and belief, Defendants are engaged in a policy, pattern and practice of failing to process and adjudicate immigration benefit applications, such as Plaintiff's I-485 application, in accordance with the previously referenced statutory and regulatory deadlines, within a reasonable time as required by the APA, in accordance with their own processing times or in a manner that conforms with due process.

33. Defendants are engaged in a policy, pattern and practice of unlawfully withholding and unreasonably delaying the processing and adjudication of immigrant benefit applications, such as Plaintiff's I-485 application, in complete disregard of the previously

7

referenced statutory and regulatory deadlines, the APA, their own processing times and due process requirements.

34. The above referenced policies, patterns or practices by Defendants have violated Plaintiff' rights to due process of law. As a result, Plaintiff have suffered and continue to suffer irreparable injury.

## IRREPARABLE INJURY

35. As a result of Secretary Johnson and USCIS' failure to act, Plaintiff is suffering irreparable injury for which no adequate relief is available at law.  As Daher has been married for three and a half years he is eligible for unconditional permanent residence. USCIS' failure to adjudicate Daher's I-485 is causing him irreparable injury, including but not limited to, the fact that the failure to adjudicate his pending application for permanent residence is preventing the commencement of the three-year period of permanent residence required for naturalization.

**WHEREFORE**, Daher respectfully requests that this Court:

36. Compel the Department of Homeland Security and the USCIS to forthwith complete processing Daher's Application;

37. Granting such other relief at law and in equity as justice may require; and

38. Holding Plaintiff a "prevailing party" and providing for the award of costs and attorneys' fees and expenses pursuant to The Equal Access to Justice Act, as amended, 28 U.S.C. §2412.

DATED:       December 16, 2015

                                                Respectfully Submitted:

                                                */s/ L. Lataif*

                                                LAWRENCE P. LATAIF, ESQ.
                                                D.C. Bar No. 60814
                                                LATAIF LLC
                                                *Attorney for Plaintiff*
                                                858 Washington Street
                                                Suite 301
                                                Dedham, MA 02026
                                                Telephone:   781-686-1449
                                                Cell:         954-931-3113
                                                Fax:          781-686-1643
                                                Email:        LLataif@Lataif.com